**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD TERRAN FURNACE, | No. 09-16983 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-04229-MMC |
| v. | |
| M. S. EVANS; ANTHONY HEDGPETH; G. PONDER; J. CELAYA; M. NILSSON; T.A. VARIZ; E. MEDINA; K. KNUCKLES; D. VEGA; S. MCDONALD; J. RODRIGUEZ, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued and Submitted November 17, 2011
San Francisco, California

Before: HAWKINS, McKEOWN, and M. SMITH, Circuit Judges.

Edward Furnace ("Furnace"), a California state prisoner, appeals the district

court's summary judgment in this 42 U.S.C. § 1983 action naming various prison

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

officials as defendants. Furnace alleges that his constitutional rights were violated when prison officials restricted him to conditions similar to solitary confinement and denied him outdoor activity and exercise for twenty consecutive months. Prison officials insisted that Furnace sign a pledge form renouncing violence as a condition for ending his cell confinement, and he repeatedly refused. The lockdown was precipitated by a state of emergency because of the attempted murder of two correctional officers by another inmate. The district court found that defendants did not violate Furnace's First or Eighth Amendment rights, or his due process rights, and granted summary judgment in favor of the prison official defendants.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* the district court's order granting summary judgment. *Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1117 (9th Cir. 2009).

The outcome of the Eighth Amendment claims is controlled by *Thomas v. Ponder*, 611 F.3d 1144 (2010). *Thomas* was decided on substantially similar facts arising from the same correctional facility. Given the timing, the district court did not have the benefit of the *Thomas* decision before granting summary judgment here. Under *Thomas*, Furnace has established a genuine issue of material fact

regarding an Eighth Amendment violation We therefore reverse and remand for reconsideration of Furnace's Eighth Amendment claims in light of *Thomas*.

The second issue is whether the district court applied the proper test to evaluate the lawfulness of Furnace's First Amendment retaliation claim. The Supreme Court's *Turner* test, *Turner v. Safely*, 482 U.S. 78, 89–91 (1987), is the proper test. It was error not to apply *Turner* here because the real issue was not retaliation against a particular inmate but rather the validity of general prison policy applied to all inmates in Facility C. A constitutional challenge to a prison policy is an inquiry best conducted under the four-part *Turner* test. Thus, we remand for an application of the *Turner* test to determine the validity of the challenged prison policy of requiring inmates to sign a pledge before being returned to a normal program.

Finally, we affirm the district court's grant of summary judgment on Furnace's due process claims. The record includes a long paper trail documenting Furnace's efforts to appeal and to challenge various aspects of his confinement under the modified program. The district court found that a genuine emergency existed during the entire disputed period, and it concluded that Furnace "was not entitled to a hearing with respect to his placement and continued retention on modified program status." We agree.

The prison officials argue that even if Furnace were to establish a constitutional violation, they are entitled to qualified immunity. "Here, we do not reach qualified immunity because the issue has never been addressed by the district court." *Richardson v. Runnels*, 594 F.3d 666, 672 (9th Cir. 2010).

REVERSED and REMANDED with direction to reconsider Furnace's Eighth Amendment claims in light of the decision in *Thomas*, to apply the *Turner* test in evaluating Furnace's First Amendment claims, and to consider defendants' qualified immunity defense. We AFFIRM the grant of summary judgment for defendants on Furnace's due process claims.

Each party shall bear its own costs on appeal.